UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. JULIE WILLIAMS and | ) | |
| JOHN MARTINEZ, M.D., | ) | |
| | ) | |
| Relators, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV985-DJS |
| | ) | |
| RENAL CARE GROUP, INC., RENAL | ) | |
| CARE GROUP SUPPLY COMPANY, and | ) | |
| FRESENIUS MEDICAL CARE | ) | |
| HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Now before the Court is the government's motion to strike certain affirmative defenses pled in defendants' answer, as well as defendants' motion for leave to amend their answer. Also before the Court are discovery motions raising, at least in part, issues relating to the potential applicability of the challenged defenses. In this False Claims Act case, plaintiffs contend that defendants' claims for Medicare reimbursement for dialysis supplies were false or fraudulent because defendants, while operating renal dialysis facilities, also operated an "alter ego" supplier of home dialysis supplies and equipment, in violation of federal law and regulations. The pending motions present an occasion to consider

whether certain affirmative defenses are available in such a case and what the scope of permissible discovery is.

**Affirmative Defenses of Laches, Estoppel and Waiver**

Paragraph 3 of defendants' affirmative defenses in their answer to the first amended complaint asserts that "[t]he government's claims are barred by the doctrine[s] of laches, estoppel, and waiver," predicated generally on the allegation that the government knew or should have known "about RCG Supply Company as early as October 1998." Answer [Doc. #43], p.20. More particularly, ¶3 goes on to cite three circumstances in support of the defenses pled. The first is an article appearing in an October 1998 industry publication concerning the trend toward "Method II" Medicare reimbursement involving a dialysis provider's creation of its own separate supply company. The second is the alleged conversation between an attorney for defendant RCG and Gene Richter, identified as "a government representative from the Health Care Financing Administration," as to the permissibility of Medicare reimbursement as sought by RCG Supply. The third is the government's alleged knowledge attributable to the discovery and proceedings in the unrelated case of USA ex rel. Bidani v. Lewis in the Northern District of Illinois, in which similar Medicare reimbursement issues were raised.

2

Defendants suggest that the motion to strike should be denied because it was not timely made within twenty days after service of their answer, citing Fed.R.Civ.P. 12(f). That rule permits the striking of a defense as insufficient upon the court's own initiative at any time. Because the Court is persuaded of the significance of the issues raised by the motion to strike, and the importance of resolving them at this stage of the litigation, the Court will not deny the motion on grounds of timeliness.

Turning to the merits, the Court finds that the government's motion to strike is supported by substantial precedent, and that defendants' resistance is not. The Supreme Court has noted that "it is well settled that the Government may not be estopped on the same terms as any other litigant." <u>Heckler v. Community Health Services of Crawford County, Inc.</u>, 467 U.S. 51, 60 (1984). As in <u>Heckler</u>, the case at bar allegedly involves Medicare reimbursements improperly received by a health care provider. In terms relevant to estoppel, the detriment to the party claiming estoppel is only "the inability to retain money that it should never have received in the first place." <u>Id</u>. at 61. <u>Heckler</u> states that "[a] for-profit corporation could hardly base an estoppel on the fact that the Government wrongfully allowed it the interest-free use of taxpayers' money for a period of two or three years[.]" <u>Id</u>. at 62. The erroneous advice of one speaking on behalf of the government could not support an estoppel in <u>Heckler</u>,

3

and cannot do so in the case at bar. Id. at 63-64.[1] See also Harrod v. Glickman, 206 F.3d 783, 793 (8th Cir. 2000); Ferguson v. Federal Deposit Insurance Company, 164 F.3d 894, 899 (5th Cir. 1999).

As to laches, the Eighth Circuit has stated: "[w]hatever the application of this doctrine to private parties, we have recognized the long-standing rule that laches does not apply in actions brought by the United States." Bostwick Irrigation District v. United States, 900 F.2d 1285, 1291 (8th Cir. 1990). Neither does the government waive a defendant's liability for false claims simply due to the government's knowledge of the circumstances. As the Second Circuit has observed: "[T]he statutory basis for an FCA claim is the defendant's knowledge of the falsity of its claim, *see* [31 U.S.C.] §3729(a) & (b), which is not automatically exonerated by any overlapping knowledge by government officials." United States ex rel. Kreindler v. United Technologies Corporation, 985 F.2d 1148, 1156 (2nd Cir. 1993). The Ninth Circuit agrees: "The requisite intent is the knowing presentation of what is known to be false. That the relevant government officials know of the falsity is not in itself a

---

[1] "There is simply no requirement that the Government anticipate every problem that may arise in the administration of a complex program such as Medicare; neither can it be expected to ensure that every bit of informal advice given by its agents in the course of such a program will be sufficiently reliable to justify expenditure of sums of money as substantial as those spent by respondent." Id. at 64.

4

defense." United States ex rel. Haqood v. Sonoma County Water Agency, 929 F.2d 1416, 1421 (9th Cir. 1991).

For all the foregoing reasons, the Court will grant the government's motion to strike defendants' affirmative defenses of estoppel, waiver and laches, as stated in ¶3 of the affirmative defenses. Defendants timely filed a motion for leave to amend their answer. The government does not oppose the granting of leave, but asks that its motion to strike the challenged affirmative defenses be construed to apply to the proffered amended answer, in which the laches, estoppel and waiver defenses are stated in the same manner as in the original answer. The Court will grant leave for the filing of the amended answer, but at the same time order that those defenses shall be deemed stricken therefrom.

**Discovery Disputes**

Although the legal doctrines of laches, waiver and estoppel are inapplicable here, defendants more persuasively argue that government knowledge may be relevant to a number of issues in the case. In the Court's view, those issues – including materiality, whether claims made can be said to have been "false," and whether defendants' intent was fraudulent – relate to the elements of plaintiffs' claims, rather than to any affirmative defenses of laches, waiver or estoppel. In addition, what the

5

government knew and when may have relevance to the affirmative defense of statute of limitations, which is separately pled in ¶4 of the affirmative defenses.

In each of these respects, however, the focus is on the government's knowledge of these defendants' conduct and the allegedly false claims at issue in the particular case, rather than of practices industry-wide or the practices of other entities not involved in this case. As several Courts of Appeal have noted: "[I]f the government knows and approves of *the particulars of a claim for payment* before that claim is presented, the presenter cannot be said to have knowingly presented a fraudulent or false claim." <u>United States ex rel. Becker v. Westinghouse Savannah River Co.</u>, 305 F.3d 284, 289 (4th Cir. 2002) (emphasis added) (quoting <u>United States ex rel Durcholz v. FKW, Inc.</u>, 189 F.3d 542, 543 (7th Cir. 1999)), quoted by the Eighth Circuit in <u>United States ex rel. Costner v. URS Consultants, Inc.</u>, 317 F.3d 883, 887 (8th Cir. 2003). Against the background of these legal conclusions, the Court is not persuaded that discovery in this case properly encompasses information concerning the government's investigation and prosecution of other supply companies, or the government's understanding of practices in the dialysis industry generally.

The government's motion for a protective order concerns defendants' notice of a Rule 30(b)(6) deposition enumerating 29 topics. The motion will be granted as to Topics 1 through 7, which

6

pertain to the unrelated Bidani case, and Topics 24 through 27, which pertain to the investigation of Gambro Supply Company. The motion will be granted as to Topics 12, 13, 22, 23, 28 and 29, which have an overbroad and burdensome scope beyond this case, reaching to "all companies" seeking supplier status for dialysis supplies, and any inquiry or investigation regarding the operation of a Method II supply company.

The Court is not persuaded to grant the motion with respect to Topics 8 and 9, concerning communications between defendant's counsel and government employee Gene Richter. Nor is the Court persuaded to grant any protective relief as to Topics 10 and 11, which concern defendant RCG Supply's applications for DME status. The motion will also be denied as to Topics 14, 15 and 21, which appear to relate appropriately to the government's position as to the differences between Method I and Method II reimbursement. As to Topics 16 through 20, the motion is denied for movant's failure to explain the nature of the information enumerated in those topics and set forth adequate arguments for the relief sought.

Defendants have filed a motion to compel production of documents. In setting forth the basis for the motion and the relief sought therein, defendants focus on arguing certain points of contention between the parties[2] rather than on setting out the

---

[2] These include the applicability of Touhy procedures to this case, the standard for discovery generally, discovery involving

7

particular discovery requests sought to be compelled.  Some of the issues contributing to defendants' motion are addressed above, and may in effect be resolved by the Court's ruling on the government's motion for protective order.  Because the Court is unable to determine from defendants' motion the precise discovery requests at issue and the arguments for compelling a further response to each, the motion will be denied without prejudice to being refiled, after the parties' review of the effects and ramifications of the Court's other orders herein.  The parties are directed to promptly confer again concerning the matters underlying defendants' motion, and, with the Court's rulings in mind, employ their best efforts in good faith to resolve those issues.

In the event defendants again file their motion to compel, they should identify and separately address each discovery request as to which they contend further response is required, setting forth the reasons therefor, rather than present over-arching issues for Court consideration and resolution.  In the Court's view, a discovery motion formulated in the desired manner will not warrant a hearing, and the motion for hearing is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' motion to strike defendants' affirmative defenses of laches, waiver and estoppel [Doc. #46] is granted as follows.

---

other supply companies, and the production of e-mails.

8

**IT IS FURTHER ORDERED** that defendants' motion for leave to file an amended answer [Doc. #60] is granted.

**IT IS FURTHER ORDERED** that the Clerk shall detach defendants' amended answer from the motion for leave [Doc. #60] and separately docket and file it.

**IT IS FURTHER ORDERED** that the defenses of laches, estoppel and waiver, as stated in ¶3 of the "Affirmative Defenses and Additional Averments" of the Amended Answer, are deemed stricken, pursuant to Fed.R.Civ.P. 12(f).

**IT IS FURTHER ORDERED** that the government's motion for a protective order regarding defendants' Rule 30(b)(6) deposition [Doc. #56] is granted in part, in that no testimony will be required pursuant to that notice as to Topics 1 through 7, 12, 13, and 22 through 29. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that defendants' motion to compel production of documents [Doc. #58] is denied without prejudice.

**IT IS FURTHER ORDERED** that defendants' motion for a hearing [Doc. #59] is denied.

Dated this __12th__ day of December, 2008.

                                                /s/ Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE