IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA, )
ex rel. JULIE WILLIAMS, et al., )
)
    Plaintiffs, ) NO. 3:09-738
) JUDGE HAYNES
v. )
)
RENAL CARE GROUP, et al., )
)
    Defendants. )

## **MEMORANDUM**

Before the Court is the United States's motion for an indicative ruling (Docket Entry No. 270) under Fed. R. Civ. P. 62.1, seeking to clarify whether in its March 22, 2010 Order the Court intended to grant summary judgment on Count 1 of the United States's first amended complaint and to certify its March 22, 2010 Order for appellate consideration under Fed. R. Civ. P. 54(b) or in the alternative to state that the Court's March 22nd Order was not intended to be a Final Order. In response, Defendants assert two core procedural arguments: (1) that this Court's March 22, 2010 Order (Docket Entry No. 264) was a final order that resolved the United States's unjust enrichment claim and rendered the United States's remaining claims moot and (2) that the United States's motion seeks to amend the Court's March 22nd Order and is an improper use of Rule 62.1.

In Count 1 of its first amended complaint, the United States alleged that the Defendants violated the False Claims Act by knowingly presenting false claims for payment of Method II home dialysis supplies and equipment to the Medicare program. The United States's motion for partial summary judgment on Count 1 sought a ruling only on the elements of falsity and liability

for this claim. (Docket Entry Nos. 165 and 168-1). The United States specifically requested that under Rule 56(d), the Court determine what material factual disputes existed on these two elements. Although the United States's motion did not raise the element of knowledge, the Defendants' cross motion for summary judgment clearly challenged all elements of Count 1 by arguing that the applicable regulatory scheme in this action is complex and amenable to different interpretations, and that the Defendants did not know that the relationship between RCG and RCGSC violated the Medicare regulatory scheme. The Defendants further argued that they lacked the requisite knowledge to establish FCA liability because the Defendants relied upon advice of counsel and Medicare officials knew of the relationship between RCG and RCGSC. In response to the Defendants' cross motion, the United States argued that the Defendants acted with the requisite knowledge under the FCA and noted that the Defendants acted in contravention of their counsel's advice.

In ruling on these cross motions, the Court considered all of the parties' cited proof on all of the elements of Count 1 of the United States's claims. In sum, the Court found that the Defendants acted with reckless disregard in violating the applicable Medicare statutes and regulations and granted the United States's motion for partial summary judgment as to Count 1 of its first amended complaint. Although that motion only sought judgment on the elements of falsity and materiality, based upon undisputed facts, the Court also made findings on the Defendants' knowledge that were raised in the Defendants' motion for summary judgment.

In its motion for an Indicative Ruling, the United States seeks a clarification of the Court's finding on all three elements of Count 1 and whether the Court intended to enter judgment on that claim. The Defendants argue that insofar as the United States did not move for

summary judgment on the issue of knowledge in its motion, the United States cannot do so now by invoking Rule 62.1.

As to the appropriateness of this motion, Federal Rule of Civil Procedure 62.1 provides in pertinent part as follows:

> (a) Relief Pending Appeal. If a timely motion is made for relief that **the court lacks authority to grant because of an appeal that has been docketed and is pending**, the court may:
>
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Id. (emphasis added). Given that the Defendants filed a notice of appeal on the same day as the entry of judgment (Docket Entry No. 266), that notice divested this Court of jurisdiction. Pickens v. Howes, 549 F.3d 377, 383 (6th Cir. 2008). The United States was thereby precluded from filing a post-trial Rule 59 motion on the issues raised in its Rule 62.1 motion. For the additional reasons set forth below, the Court deems this Rule 62.1 motion appropriate and warranting a response by the Court.

Fed. R. Civ. P. 56(d)(1) specifically allows Courts to determine "what portion of the case is no longer in controversy." Lytle v. Freedom Int'l Carrier, S.A., 519 F.2d 129, 133 (6th Cir. 1975). Aside from the United States's motion for partial summary judgment, under Rule 56(d), the Court may do so sua sponte, "so long as the losing party was on notice that she had to come forth with all of her evidence." Celotex Corp v. Catrett, 477 U.S. 317, 326 (1986); Brown v. Raymond Corp., 432 F.3d 640 (6th Cir. 2005); Walsh v. Ramada Franchise Systems, Inc., 181 F.3d 106 (6th Cir. 1989). Here, the Defendants, with their motion for summary judgment on all

3

claims, were on actual notice to come forth with all of their proof. From the Court's review of this extensive record, it is difficult to imagine that any evidence was omitted.

This action had lengthy proceedings before the transfer to this district. The Court had an extensive factual record and legal memoranda in which the parties argued all elements of Count 1. Based upon a finding of undisputed facts, the parties' papers rendered appropriate a determination of the Defendants' knowledge and the merits of that claim. After its review of the parties' extensive submissions, the Court awarded judgment on Count 1 and the unjust enrichment claim. The Court would have also granted summary judgment on the United States's claims in Counts 2 through 5. Based upon the undisputed facts provided by the parties, the Court also determined the amount of Medicare's overpayments to the Defendants in the amount of $19,366,705.00. This damages determination applies to Count 1 and the United States's unjust enrichment claim.

With the Court's ruling on Count 1, only the issues of treble damages and statutory penalties remain with respect to Count 1. The FCA also authorizes treble damages, based upon the amount of actual damages as well as a penalty between $5,500 and $11,000 for each false or fraudulent claim that was submitted. 31 U.S.C. 3729(a); 28 C.F.R. § 85.3(a)(9). The calculations of treble damages and FCA penalties are for the Court, not the jury. Cook County v. United States ex rel. Chandler, 538 U. S. 119, 132 (2003) (under the FCA, only the district court determines treble damages and penalties). The Court also determines damages for the unjust enrichment claim. F.D.I.C. v. Jeff Miller Stables, 573 F.3d 289, 301 (6th Cir. 2009) ("[I]t is not the province of the jury to decide issues of equity."). Thus, with a judgment on Count 1 and the unjust enrichment claim, the Court can decide the issues of treble damages and separate statutory

4

penalties. The same measure of actual damages obtains for the United States's unjust enrichment and other FCA claims.

Because the United States sought a judgment on its unjust enrichment claim, the Court mistakenly believed that the United States was electing the damages remedy on its unjust enrichment claim over its other claims. Thus, the Court designated its ruling a "Final Order". If the United States had sought summary judgment on Count 1 or all of its claims, the Court would have awarded judgment on those claims and awarded treble damages and penalties. Those awards would subsume any award based upon unjust enrichment.

Defendant argue that the March 22nd Order was an appealable final order that disposed of the United States's unjust enrichment claim, thereby rendering the remaining claims set forth in the United States's complaint moot. Assuming this is true, the need for a Rule 62.1 motion remains imperative to clarify the import and assumptions for the entry of that Order. Rule 62.1 explicitly permits an motion after an appeal is docketed and pending, as here. Prior to the adoption of Rule 62.1, the moving party could file a motion, usually under Fed. R. Civ. P. 60(b), when a pending appeal had deprived the district court of jurisdiction to grant the motion,. As the Sixth Circuit explained in Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356 (6th Cir. 2001):

> Where a party seeks to make a motion under Fed.R.Civ.P. 60(b) to vacate the judgment of a district court, after notice of appeal has been filed, the proper procedure is for that party to file the motion in the district court. If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in this court for a remand of the case so that the district court can grant relief.

Id. at 364.

Defendants next argue that the United States seeks an alteration or amendment to the

5

Court's March 22 Order that must be filed under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). A motion under Rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence." Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007), quoting FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992); FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). Such a motion may not be used to present new arguments to the Court which could have been presented prior to judgment. Id. The grant of a motion under Rule 59(e) is within the district court's "informed discretion" and requires a firm and definite conviction of clear error. Betts v. Costco Wholesale Corp., 558 F.3d 461, 467-74 (6th Cir. 2009) (affirming district court's granting of motion to modify amount of damages awarded). A motion under Rule 60(b) is limited to the six reasons specified in the Rule, e.g., mistake, excusable neglect, or "any other reason that justifies relief'). A Rule 60(b) motion confers "broad discretion" to grant relief when appropriate to do justice. Thompson v. Bell, 580 F.3d 423, 444 (6th Cir. 2009).

The Court concludes that the United States's motion to clarify simply seeks clarification on several issues arising from the March 22nd Order that were precluded by the extraordinarily prompt filing of the Defendants' notice of appeal. The circumstances here render the consideration and granting of the United States's Rule 62.1 motion appropriate and necessary.

An appropriate Order is filed herewith.

Entered this the 22nd day of June, 2010.

_____
William J. Haynes, Jr.
United States District Judge